IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEVEN E. FORTNEY,

                                                    ORDER

                Plaintiff,

                                      09-cv-192-slc

    v.

WILLIAM POLLARD, G.B.C.I Warden;
UNKNOWN MEMBERS OF TWO
EXTRACTION TEAMS; and UNKNOWN
NURSE on 2/11/09 in H.S.U.,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On April 24, 2009, I screened plaintiff's complaint and found that he stated claims against defendants Unknown Members of Two Extraction Teams and Unknown Nurse on 2/11/09 in H.S.U. for alleged violations of his Eighth Amendment rights. Dkt. #9. Although plaintiff failed to state a claim against defendant William Pollard, I explained that Pollard would not be dismissed from the case because he could assist in determining the identities of the unknown defendants. Further, I explained that plaintiff could not submit an amended or supplemental complaint that consisted of a combination of several documents because such a submission would violate Fed. R. Civ. P. 8 by prejudicing

1

defendants. Dkt. #9 at 12-13. If plaintiff were allowed to submit a combination of documents as his complaint, defendants "would not know the exact nature of the allegations against them and would not know how to respond." Id. at 13.

Although it is not entirely clear from the documents, it appears that plaintiff has submitted several additional "supplements" to his complaint. Dkt. ##13 & 16. I will not consider plaintiff's "supplements." His original complaint remains the operative pleading in this case. Instead, plaintiff should read this order carefully and follow its instructions if he wishes to file a proposed amended complaint. As I previously said: the complaint in this case may be one document only. This means that if plaintiff wants to amend his complaint he needs to file *one* document as a proposed amended complaint. A complaint cannot be a moving target that is continually changing as plaintiff files new supplements or amendments. Such a complaint would prevent defendants' from knowing the allegations they must defend against.

Moreover, to allow the court and defendants to understand the changes plaintiff desires to make, the document must conform to the following format: it should include exactly the same allegations found in his original complaint with lines through any allegations or parties that he wants omitted; any newly included allegations or parties should be highlighted. Further, plaintiff should not write in the margins of the document because it makes it hard to know what the margin notes pertain to. Finally, I encourage plaintiff to

2

wait until after he obtains the names of the unknown defendants before filling any proposed amended complaint. Once he obtains the names, he must file a proposed amended complaint to insert those names in place of all references to unknown defendants.

With respect to the unknown defendants, plaintiff has filed documents with the court related to his attempts to seek responses from defendant Pollard about the identities of the unknown defendants. The normal procedure in this court is as follows: at the preliminary pretrial conference Magistrate Judge Stephen Crocker will set a deadline for plaintiff to seek discovery from the defendant who remained a party for the purpose of helping plaintiff to obtain the identities of unknown defendants. Plaintiff can then ask this defendant for the correct names of the unknown defendants. Once he has those names, he can amend the complaint to reflect the proper identification.

By following the above procedure, plaintiff should be able to obtain the identities of unknown defendants shortly after the preliminary pretrial conference.  For now plaintiff should refrain from contacting defendant Pollard about the identities of the unknown defendants.  Both plaintiff and defendant Pollard will be advised about the procedures and time frames for discovering those identities at the preliminary pretrial conference.

Entered this 3rd day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge