IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STEVEN E. FORTNEY,

                             Plaintiff,

      v.

WILLIAM POLLARD, THOMAS CAMPBELL,
TIMOTHY GREIL, BENJAMIN GRAVES,
MATTHEW FRIDDLE, DREW NIELSEN,
ROBERT PICKLE, MICHAEL RHOADES,
CHRIS STEVENS, DAVID LONGSINE,
JEREMY LEIRMO, LUKE FULLER, COLE
COOPMAN, LARRY DILLENBERG, BRIAN
VAN LOO, NURSE VANTERKINTER and
NURSE LEMENS,

                             Defendants.

ORDER

09-cv-192-slc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      On April 24, 2009, I screened plaintiff's complaint and found that he stated claims against the unknown members of two extraction teams and an unknown nurse for alleged violations of his Eighth Amendment rights. Dkt. #9. On June 2, 2009, a state assistant attorney general filed a letter with the court, dkt. #23, providing the names of these unknown defendants. I have amended the caption to reflect the names of these defendants.

      Generally, once a plaintiff obtains the identities of unknown defendants he is required

1

to amend his complaint and substitute the newly discovered names in place of the unknown defendants, after which the newly discovered persons would be served with the summons and complaint. However, plaintiff has advised the court that he would rather voluntarily dismiss this case and file a new complaint than amend his current complaint because he is having a difficult time complying with this court's procedures for amending a complaint. Dkt. #27, 28 & 29. Plaintiff wants to "start over" or "start-a-new." Dkt. #29. From plaintiff's submissions, I understand that his new complaint would be similar and include many of the same allegations found in his current complaint. Some of the changes would be to list previously dismissed defendants and the names of the previously unknown defendants and to provide new and altered allegations against all listed defendants. Granting plaintiff's motion for a voluntary dismissal would not relieve him of his obligation to continue paying the filing fee for the dismissed case. In addition, he would be required to pay a new filing fee for his newly filed case.

  Plaintiff's request for voluntary dismissal is further complicated in light of his most recent filings, which include a "proposed amended complaint," dkt. #30, and letter for an "additional" amendment, dkt. #32. As a general rule, it is inappropriate for plaintiff to file an initial complaint and amend that complaint, and then add a communication later that makes one change, and another communication a week later making another change, and so on. A complaint cannot be a moving target. At some point, the complaint must be

2

finished so that defendants know precisely what it is that they are being charged with doing and what plaintiff wants as relief.

Therefore, instead of granting plaintiff's request for a voluntary dismissal or his recent request to amend, I will allow plaintiff to essentially "start over" without having to pay an additional filing fee. I will permit plaintiff to file **one** amended complaint that includes all the new allegations and new defendants as well as the old allegations and defendants without having to cross out omissions or highlight alterations from his original complaint. In other words, whatever new complaint plaintiff intended on filing in a new case and all the previous amendments he wanted to make to the complaint in this case, he may file as one amended complaint in this case.

Plaintiff should be aware that his amended complaint will undergo the same screening process that his original complaint underwent, which could result in the dismissal of claims and defendants. Also, plaintiff will not be permitted to submit new amendments every day or week in the future. Moreover, as plaintiff writes his newest amended complaint I recommend that he keep the following rules in mind: (1) each allegation must be simple, concise and direct, Fed. R. Civ. P. 8(d)(1); (2) the complaint must provide a short and plan statement of his claims showing that he is entitled to relief, Fed. R. Civ. P. 8(a)(2); (3) all claims must arise out of the same transaction, occurrence, or series of transactions or occurrences, Fed. R. Civ. P. 20(2)(A); and (4) he should not write in the margins of his

3

complaint. Plaintiff will have until July 8, 2009 to file his amended complaint. Failure to file an amended complaint by this date will result in voluntary dismissal of this case. Any new filings for an amended complaint received between the time this order is mailed to plaintiff and the time plaintiff receives the order will be denied because I want plaintiff to have the benefit of the information in this order before filing his newest amended complaint.

Finally, because plaintiff will be filing an amended complaint, it would be most efficient to cancel the currently scheduled preliminary pretrial conference scheduled for July 1, 2009. Once plaintiff has filed his amended complaint, the court will screen the complaint and the proper defendants will be served. A new preliminary pretrial conference will be scheduled after the served defendants file their answer to the amended complaint.

ORDER

IT IS ORDERED that:

1. Plaintiff Steven E. Fortney's motion for voluntary dismissal, dkt. #29, is DENIED;

2. Plaintiff's request to proceed on his proposed amended complaint, dkt. #30, is DENIED;

3. Plaintiff may have until July 8, 2009, in which to submit a proposed amended complaint. If by July 8, 2009, plaintiff fails to respond to this order, the clerk of court is directed to dismiss plaintiff's claims without prejudice and close this case;

4

4.  The preliminary pretrial conference scheduled for July 1, 2009, is CANCELLED and will be rescheduled at a later time.

Entered this 18th day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge