IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN E. FORTNEY,

                Plaintiff,

  v.

CAPT. M. SCHULTZ, CAPT. LAURENT,
LT. THOMAS CAMPBELL, LT. CHRIS STEVENS,
C.O. III TIMOTHY GREIL,
C.O. III DAVID LONGSINE,
NURSE VANTERKINTER, NURSE LEMENS,
OFFICERS:
BENJAMIN GRAVES, MATTHEW FRIDDLE,
DREW NIELSEN ROBERT PICKLE,
MICHAEL RHOADES, LT. GAVIN,
JEREMY LEIRMO, LUKE FULLMER,
COLE COOPMAN, LARRY DILLENBERG,
BRIAN VAN LOO, C.O. NEMTZ, DR. CUMMINGS,
a psychologist, and WILLIAM POLLARD,

                Defendants.

ORDER

09-cv-192-slc

---

      This is a proposed civil action for monetary relief, brought under 42 U.S.C. § 1983. Pro se plaintiff Steven Fortney is suing defendants for various violations of his constitutional rights.[1] Plaintiff's amended complaint needs to be screened in accordance with the 1996 Prison Litigation Reform Act, 28 U.S.C. § 1915A.

      This case still in is the screening stage and there already are 48 docket entries. Almost immediately after plaintiff filed his original complaint on April 2, 2009, he began filing letters and other documents with the court. *See* dkts. 3-8. Although it was unclear whether plaintiff intended these submissions to be supplements or amendments to his complaint, Judge Crabb screened his original complaint on April 24, 2009. *See* Dkt. 9. In her order, Judge Crabb

---

[1] Although the list of defendants in the caption has changed many times throughout this case, the current list is the names found on plaintiff's proposed amended complaint, dkt. 30, along with William Pollard, (the remaining named defendant from defendant's original complaint) and Cole Coopman, (an officer involved in the extraction of plaintiff from his cell on March 11, 2009, whom plaintiff inadvertently left out of the caption).

determined that plaintiff's complaint failed to state a due process claim but did in fact state several Eighth Amendment claims. *Id.* at 2. Judge Crabb also noted that plaintiff's additional filings were not considered part of his complaint and that if he intended his filings to be amendments, then he should file one amended complaint because "[p]ermitting several documents to be combined to form a complaint would prejudice defendants." *Id.* at 13 (citing Fed. R. Civ. P. 8).

But plaintiff continued to file new documents with bits and pieces of information, some regarding plaintiff's current incarceration, others asking questions and still others proposing to be supplements to his complaint. *See* dkts. 13, 15-21. In an order issued June 3, 2009, Judge Crabb informed plaintiff that if he wanted to amend his complaint he must submit one document containing all the information he wished to include because "[a] complaint cannot be a moving target that is continually changing as plaintiff files new supplements or amendments. Such a complaint would prevent defendants from knowing the allegations they must defend against." Dkt. 22 at 2. Judge Crabb also provided plaintiff with guidelines about filing of an amended complaint to help plaintiff with the process. *Id.* at 2-3.

As plaintiff was submitting documents with the court and the court was attempting to respond to each before another new submission arrived, the only named defendant at the time, William Pollard, filed an answer and a pretrial conference was set for July 1, 2009. Because communication with plaintiff happens through postal mail, plaintiff filed some additional supplements and letters before receiving the court's June 3 order. *See* dkts. 24-25. After receiving the order, plaintiff filed a document responding to the court's order, dkt. 27, as well

as a motion to voluntarily dismiss his complaint, dkt. 29. Plaintiff also filed a proposed amended complaint, dkt. 30, and several additional letters, dkts. 28, 31-35.

On June 18, 2009, Judge Crabb issued another order. Dkt. 36. In this order, the judge attempted to address plaintiff's stated desire to start over by dismissing his original complaint and filing a new one in light of the fact that plaintiff had filed additional submissions that appeared to be an amended and supplemental complaint. *Id.* at 2. Judge Crabb offered plaintiff an opportunity "to file **one** amended complaint that includes all the new allegations and new defendants as well as the old allegations and defendants without having to cross out omissions or highlight alterations from his original complaint." *Id.* at 3. (Bold in original.) She also canceled the July 1 preliminary pretrial conference for efficiency purposes because plaintiff would mostly likely need to serve additional defendants and certainly would have to serve his new amended complaint, which would not occur until after the conference. *Id.* at 4.

Plaintiff responded to the court's June 18 order with some additional letters and motions. *See* dkts. 37-42, 44. In those documents, plaintiff requested that Judge Crabb recuse herself, dkt. 38, and he consented to my jurisdiction to preside over his lawsuit. Dkt. 42. Plaintiff also informed the court that the proposed amended complaint he submitted before the court's June 18 order was his amended complaint that could be screened. Dkt. 39. In response to plaintiff's constant filings, I issued a memorandum on July 1, 2009, explaining that plaintiff would be provided with information about procedural matters relevant to his case at the preliminary pretrial conference once his complaint was screened. Dkt. 45. I also suggested that plaintiff should wait for his complaint to be screened before filed anything more. *Id.* at 2.

3

Having summarized this case's procedural history, I turn to plaintiff's amended complaint. Although plaintiff's complaint needs to be screened, there is problem that prevents me from screening his complaint at this time: plaintiff's complaint includes allegations for claims that do not arise out of the same transaction, occurrence, or series of transactions or occurrences, as is required by Fed. R. Civ. P. 20(2)(A). Also, in many of the allegations it is unclear which named defendants are involved in the different events, which is required by Fed. R. Civ. P. 8. So, as explained below, plaintiff will have to fix the Rule 20 and Rule 8 problems before I can properly screen his complaint.

In his complaint, plaintiff alleges these facts:

## FACTS

### I. Parties

Plaintiff Steven Fortney is confined at the Green Bay Correctional Institution. Defendants all are employed at the Green Bay Correctional Institution.

### II. Plaintiff's Incarceration at Green Bay Correctional Institution

#### A. First Extraction of Plaintiff from His Cell

On February 19, 2009, plaintiff was sitting on his bed in his cell when a seven-man extraction team entered plaintiff's cell to remove him. The team was led by defendant Lt. Thomas Campbell and included defendants Timothy Greil, Benjamin Graves, Matthew Friddle, Drew Nielsen, Robert Pickle and Michael Rhoades. A member of the team slammed a stun shield into plaintiff's face, causing a tooth to break off at the gum.

### B. Plaintiff's Institutional Discipline

When defendant Capt. M. Shultz found plaintiff guilty of violating some institutional rules and disciplined plaintiff with a 5-day extension of his sentence. Plaintiff received his discipline without a hearing.

### C. Second Extraction of Plaintiff from His Cell

On March 11, 2009, plaintiff was sitting on the floor of his cell in the shower stall when an extraction team entered plaintiff's cell to remove him. The team was led by defendant Lt. Chris Stevens and included defendants David Longsine, Jeremy Leirmo, Luke Fullemer, Cole Coopman, Larry Dillenberg and Brian Van Loo. Someone on the team slammed into plaintiff and pinned plaintiff's left hand to the floor. Two other team members turned plaintiff over while his left hand was still pinned, which resulted in ripping plaintiff's left shoulder tendons and damaging his left shoulder, arm and hand.

### D. Plaintiff's Need for Medical Assistance

#### (1) March 11, 2009

After plaintiff was removed from his cell on March 11, 2009, he sought medical care for the pain in his left arm and shoulder. Defendant Nurses Vanterkinter and Lemens refused to provide plaintiff with medical care on March 11. On March 12, 2009, plaintiff's arm was x-rayed.

#### (2) June 4, 2009

On June 4, 2009, plaintiff asked to speak with defendant Dr. Cummings, a psychologist working at the prison, about plaintiff's desire to harm himself. A correctional officer told

plaintiff that he would be seen after Dr. Cummings was done attending to another inmate. Cummings did not arrive at plaintiff's cell to see him until later in the day when she was called because of an emergency. Plaintiff was lying of the floor of his cell holding his stomach and claiming that he had broken a bottle of "nitrotabs" and swallowed the broken glass. Cummings ordered plaintiff to come to the door but he responded that he could not move because it hurt to move.

### E. Third Extraction of Plaintiff from His Cell

**(1) 4:00 p.m.**

On June 4, 2009, at about 4:00 p.m., an extraction team, led by defendant Capt. Laurent, entered plaintiff's cell to remove him. Although plaintiff told them that he had swallowed glass, two members of the team hit plaintiff in the stomach and lower legs with large black pads.

**(2) 8:00 p.m.**

After plaintiff was extracted from his segregation cell at 4:00 p.m., he was moved to an observation cell. While there, defendant Lt. Gavin directed an extraction team member to use pepper spray on plaintiff in that cell.

## ANALYSIS

As Judge Crabb advised plaintiff in her June 18 order, for a plaintiff to pursue multiple claims in one complaint "all claims must arise out of the same transaction, occurrence, or series of transactions or occurrences." Dkt. 36 at 3 (citing Fed. R. Civ. P. 20(2)(A)). In other words, Rule 20 does not allow plaintiff to bring unrelated claims against different defendants or sets of

defendants in the same lawsuit. It is not enough that all the bad things alleged by plaintiff were done at the same institution by employees of the institution. Groups of defendants may not be joined together in a single action unless a plaintiff asserts at least one claim for relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact that are common to all of the defendants. In other words, one of the claims must name every defendant in the lawsuit. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); 3A *Moore's Federal Practice* § 20.06, at 2036-45 (2d ed.1978).

Although Fed. R. Civ. P. 18 allows a party to join unrelated claims against defendants in a suit, this rule applies only after the requirements for joinder of parties have been satisfied under Rule 20, *Intercon Research Assn., Ltd. v. Dresser Ind., Inc.*, 696 F.2d 53, 57 (7th Cir. 1983) (quoting 7 Charles Alan Wright et al., *Federal Practice & Procedure*). This means that first the court has to determine who is the core group of allowable defendants under Rule 20; only then may a plaintiff use Rule 18 to join additional unrelated claims against any of those defendants. This also means that under Rule 18, a plaintiff cannot join claims involving any defendant outside the group identified under Rule 20.

For example, a hypothetical plaintiff might have an excessive force claim against defendants Able, Baker and Charlie, and a medical treatment claim against defendants Baker, Charlie and Delta. Because Able is not named in the medical treatment claim, and because Delta is not named in the excessive force claim, this plaintiff cannot bring both claims against all four defendants in one lawsuit. If the plaintiff wants to file just one lawsuit that includes both claims, then he has to make a choice: either dismiss Able from his excessive force claim or keep Able in that claim but dismiss Delta from the medical treatment claim. If there are more

7

claims and more defendants involved, then even more breaking apart could be required by Rules 18 and 20. *See, e.g., George*, 507 F.3d at 607-08.

That's what has to happen here. Following the requirements of Rules 18 and 20, I conclude that plaintiff is raising claims that belong in at least five different lawsuits:

> Lawsuit #1: Plaintiff's excessive force claim against defendants Lt. Thomas Campbell, Timothy Greil, Benjamin Graves, Matthew Friddle, Drew Nielsen, Robert Pickle and Michael Rhoades, from the February 19, 2009 cell extraction.
>
> Lawsuit #2: Plaintiff's due process claim against defendant Capt. Shultz.
>
> Lawsuit #3: Plaintiff's excessive force claim against defendants Lt. Chris Stevens, David Longsine, Jeremy Leirmo, Luke Fullemer, Cole Coopman, Larry Dillenberg and Brian Van Loo, from the March 11, 2009 cell extraction as well as his deliberate indifference to serious medical need claim against defendants Nurses Vanterkinter and Lemens for failing
>
> Lawsuit #4: Plaintiff's deliberate indifference claim against defendant Dr. Cummings, for her failure to see plaintiff on June 4, 2009.
>
> Lawsuit #5: Plaintiff's excessive force claim against two unknown extraction teams and defendants Capt. Laurent and Lt. Gavin from the June 4, 2009 cell extraction and the pepper spay incident.

As a result, plaintiff will have to make some choices. Under *George*, I may apply the filing fee plaintiff paid in this case to only one of the five lawsuits that I have identified above. Plaintiff may have until August 14, 2009, to report to the court which of these five lawsuits he wishes to pursue under the number assigned to this case. That lawsuit will be the only lawsuit assigned to this case number.

Additionally, for the lawsuit that plaintiff chooses to pursue, he must comply with Rule 8 by identifying which specific defendants were involved and how they were involved. It is night

8

entirely clear based solely on the allegations in the complaint which defendants were involved in each incident. Therefore, by August 14, plaintiff should file a second proposed amended complaint that contains the following information:

1. The names of the specific defendants he is bringing the lawsuit against.

2. A description of each incident and alleged wrongdoing. Plaintiff may repeat the factual allegations from his previous proposed complaints that specifically relate to the lawsuit being brought.

3. A brief explanation of how each named defendant was individually involved in each incident.

4. The type of relief that plaintiff is seeking in this lawsuit.

That will leave the other four lawsuits. Plaintiff may choose to pursue each of these other lawsuits separately. If plaintiff does this, then he will have to make an initial payment and pay a separate filing fee for each case that he pursues. In addition, plaintiff may be subjected to a separate strike for each of the separate lawsuits that he pursues if any claim in the lawsuit is dismissed for failure to state a claim upon which relief may be granted or because it is legally meritless. As plaintiff may be aware, once a prisoner receives three strikes, he cannot proceed in new lawsuits without first paying the full filing fee except in very narrow circumstances. *See* 28 U.S.C. § 1915(g). Plaintiff may also choose to dismiss any or all of his remaining lawsuits voluntarily. If he makes this choice, then he will not owe additional filing fees or face strikes for those lawsuits. Also, any lawsuit dismissed voluntarily at this stage would be dismissed without prejudice, so plaintiff could bring it at another time.

Plaintiff should be aware that because it is not clear at this time which of his separate lawsuits he will pursue, I have not assessed the merits of the claims raised in any of the lawsuits

identified above. Once plaintiff identifies the suit or suits that he wants to continue to litigate in this court, I will screen the individual actions that remain as required under 28 U.S.C. § 1915A. Because plaintiff faces filing fees and potential strikes for each lawsuit he pursues, he should consider carefully the merits and relative importance of each of his potential lawsuits when choosing which of them he wishes to pursue.

Finally, plaintiff's motion requesting that Judge Crabb recuse herself, dkt. 38, will be denied as moot because plaintiff and defendants have consented to my jurisdiction, dkts. 42 & 43.

ORDER

IT IS ORDERED that:

(1) Plaintiff Steven E. Fortney has until August 14, 2009, to identify for the court by number which one of the five lawsuits identified at page 8 of this opinion he wishes to pursue under the number assigned to this case, and also to file his second proposed amended complaint that complies with Fed. R. Civ. P. Rules 8 and 20 in the manner described at page 9 of this opinion.

(2) Plaintiff has until August 14, 2009, to advise the court which of the other four separately numbered lawsuits he will pursue as separate cases, if any, and which he will withdraw voluntarily, if any.

(3) For any lawsuit that plaintiff dismisses voluntarily, he will not owe a filing fee;

(4) For each lawsuit that plaintiff advises the court that he intends to prosecute (other than the one plaintiff chooses to keep assigned to this case number), he will owe a separate $350 filing fee;

(5) If plaintiff fails to respond to this order by August 14, 2009, then I will enter an order dismissing the lawsuit as it presently exists without prejudice due to plaintiff's failure to prosecute it; and

(6)	Plaintiff's motion for recusal, dkt. 38, is denied as moot.

Entered this 27th day of July, 2009.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      STEPHEN L. CROCKER
                                      Magistrate Judge