IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN E. FORTNEY,

                      Plaintiff,

    v.

LT. CHRIS STEVENS, C.O. III DAVID
LONGSINE, JERMEY LEIRMO, LUKE
FULLMER, COLE COOPMAN, LARRY
DILLENBERG, BRIAN VAN LOO, NURSE
MARILYN VANTERKINTER and NURSE
KATHY LEMENS,

                      Defendants.

ORDER

09-cv-192-slc

---

       This a proposed civil action for monetary relief brought under 42 U.S.C. § 1983. Pro se plaintiff Steven Fortney is suing defendants for violations of his constitutional rights under the Eighth Amendment. This case is before the court on several motions: plaintiff's motion to amend his complaint, dkt. 72, defendants' motion for summary judgment because of plaintiff's failure to exhaust, dkt. 67, and plaintiff's motion for summary judgment on the merits, dkt. 80.

       I begin with plaintiff's motion to amend his complaint, which will be denied. Plaintiff's motion to amend does not include a proposed amended complaint. Instead, in his motion he notes that he wants to add an additional excessive force claim against defendants Fullmer and Dillenberg for an altercation occurring on June 12, 2009. As plaintiff has been informed of multiple times, his complaint must be one document and it cannot be a moving target that is continually changing during the course of this lawsuit. *See* dkt. 51 at 2-3. Even assuming that plaintiff's motion could be a supplement to the complaint, it contains no allegations regarding the actions Fullmer and Dillenberg engaged in that could be considered excessive force. Mere conclusory allegations that they engaged in excessive force without providing more fails to satisfy

Fed. R. Civ. P. 8. *Aschcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").

Next, I turn to defendants' motion for summary judgment in which they contend that plaintiff failed to exhaust his administrative remedies before filing this lawsuit. Their motion will be granted. Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court. Once defendants raise failure to exhaust as a defense, district courts lack discretion to decide claims on the merits unless the exhaustion requirements have been satisfied. *Woodford v. Ngo*, 548 U.S. 81, 83-85 (2006); *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002). To comply with § 1997e(a), a prisoner must "properly take each step within the administrative process." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison administrative rules require." *Pozo*, 286 F.3d at 1025. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodruff*, 548 U.S. at 88-89.

Defendants contend that plaintiff's inmate grievances concerning the March 11, 2009 cell extraction and his failure to receive medical care after the extraction were rejected and never appealed or resubmitted. Plaintiff contends that he did exhaust because his complaint was rejected and so he did not need to appeal that rejection. Plaintiff is incorrect.

Wisconsin inmates have access to an administrative grievance system governed by the procedures set out in Wis. Admin. Code §§ DOC 310.01-310.18. Under these provisions,

prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner. Wis. Admin. Code §§ DOC 310.07(1) & 310.09. An institution complaint examiner may investigate inmate complaints, reject them for failure to meet filing requirements, recommend to the appropriate reviewing authority (the warden or the warden's designee) that the complaint be granted or dismissed, or direct the inmate to attempt to resolve the complaint informally before filing a formal complaint. Wis. Admin. Code §§ DOC 310.07(2), 310.09(4).

Once the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, the appropriate reviewing authority may dismiss, affirm or return the complaint for further investigation. Wis. Admin. Code § DOC 310.12. If an inmate disagrees with the decision of the reviewing authority, he may appeal to a corrections complaint examiner, who is required to conduct an additional investigation when appropriate, and make a recommendation to the secretary of the Wisconsin Department of Corrections. Wis. Admin. Code § DOC 310.13. Within ten working days following receipt of the corrections complaint examiner's recommendation, the Secretary must accept the recommendation in whole or with modifications, reject it and make a new decision or return it for further investigation. Wis. Admin. Code § DOC 310.14.

On March 17, 2009, plaintiff submitted an inmate grievance, numbered 6640, regarding the March 11, 2009 cell extraction and alleged failure to receive medical attention afterwards. The complaint was rejected because it failed to clearly identify one issue. Under Wis. Admin Code § DOC 310.09(1)(e) an inmate grievance "shall contain only one issue per

3

complaint, and shall clearly identify the issue." The complaint examiner made it clear that this was the problem with plaintiff's complaint. Thus, plaintiff's complaint was rejected and returned to him in accordance with § DOC 310.09(3), which states that an inmate grievance shall be returned, and not processed, when it fails to meet any of the requirements listed under 310.09(1). Plaintiff does not dispute that he never appealed this rejection or attempted to file a new grievance that clearly identified one issue, as the complaint examiner requested. Instead, he contends that the rejection of his complaint exhausted his administrative remedies. He is wrong. At a minimum, plaintiff was required to appeal the rejection or, the better response, attempt to file a new complaint that complied with § DOC 310.09(1)(e).

The whole point of the exhaustion requirement is to allow prison officials the first opportunity to remedy a prisoner's complaint that his rights were violated. When a complaint is rejected on a procedural ground, the inmate must cure the defect and resubmit his complaint properly so that the institution and corrections complaint examiners and the Secretary of the Department of Corrections or his designee can review the prisoner's underlying claim that his rights are being infringed. Committing a procedural error does not absolve a prisoner from having to satisfy his exhaustion requirement. *See, e.g., Cannon*, 418 F.3d at 718-19 (prisoner failed to exhaust when he failed to timely file grievance by filing the grievance one day late of the six-month deadline); *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("This circuit has taken a strict compliance approach to exhaustion. A prisoner must properly use the prison's grievance process."). Because plaintiff did not correctly utilize the administrative process, he did not give the institution a full opportunity to consider his complaint.

Finally, plaintiff's motion for summary judgment on the merits of his Eighth Amendment claims will be denied. Because exhaustion is "a condition precedent to suit," and plaintiff has failed to satisfy that condition, I cannot make a decision on the merits of this case at this time. *Dixon*, 291 F.3d at 488. Moreover, under the Prison Reform Litigation Act, plaintiff's case must be dismissed without prejudice. 42 U.S.C. § 1997e(a); *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that:

(1) Plaintiff Steven Fortney's motion to amend his complaint, dkt. 72, is DENIED;

(2) Defendants' motion for summary judgment regarding plaintiff's failure to exhaust his administrative remedies, dkt. 69, is GRANTED;

(3) Plaintiff's motion for summary judgment on the merits of this action, dkt. 80, is DENIED; and

(4) The clerk of court is directed to DISMISS this case without prejudice for failure to exhaust.

Entered this 10th day of November, 2009.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge